# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**February 14, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**DANA J. LINGER,**
**Claimant Below, Petitioner**

**vs.)   No. 11-0568**  (BOR Appeal No. 2045126)
(Claim No. 2007013498)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**WEST VIRGINIA UNIVERSITY**
**BOARD OF GOVERNORS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dana J. Linger, by George Zivkovich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia University Board of Governors, by H. Dill Battle, III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 28, 2011, in which the Board affirmed a September 27, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's award of 2% permanent partial disability. The Court has carefully reviewed the records, written arguments, and appendices contained in the petition, and the case is mature for consideration.

Having considered the petition and the relevant decision of the lower tribunal, the Court is of the opinion that the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court determines that there is no prejudicial error. This case does not present a new or significant question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

1

A claim made by Ms. Linger was held compensable for a diagnosis of de Quervain's syndrome in both wrists by the Office of Judges on October 9, 2008, and affirmed by the Board of Review on June 29, 2009. In September of 2009, Dr. Jaiyoung Ryu diagnosed de Quervain's syndrome in the left wrist and recommended surgery. The claims administrator denied pre-authorization for the surgery requested by Dr. Ryu, however, stating that the surgery was for a noncompensable condition, CMC joint arthrosis, and not for de Quervain's.

On April 14, 2009, Dr. Sushil Sethi found that Ms. Linger had reached maximum medical improvement and had a 2% whole body impairment for permanent partial disability. On August 25, 2009, Dr. James Dauphin found that Ms. Linger had reached maximum medical improvement and was impaired a total of 9%: 5% for the left wrist and 4% for the right wrist. Dr. Dauphin's report was incomplete because it did not include the "Figure 1 form for Upper Extremity Impairment Evaluation" and omitted page numbers from his references to the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). On January 8, 2010, Dr. Marsha Bailey reported that Ms. Linger had reached maximum medical improvement and found that 0% of the 8% impairment could be attributed to the compensable condition, de Quervain's syndrome.

The Office of Judges affirmed the finding of the claims administrator that Ms. Linger is 2% permanently partially disabled. In its September 27, 2010, Order, the Office of Judges based its decision on the incompleteness of Dr. Dauphin's report, as well as his later diagnosing no de Quervain's syndrome. Additionally, the Office of Judges relied on the findings of Dr. Bailey, of no impairment due to the compensable injury, and Dr. Sethi, that Ms. Linger was impaired 2%. The Board of Review came to the same reasoned conclusion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** **February 14, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING**:
Justice Margaret L. Workman
Justice Menis E. Ketchum